168 N.J. Super. 214 (1979)
402 A.2d 944
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ARCHIE MURPHY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 1, 1979.
Decided May 14, 1979.
*216 Before Judges LORA, MICHELS and LARNER.
Mr. Arnold C. Lakind, designated attorney, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. Lakind on the brief).
Mr. Benjamin D. Leibowitz, Assistant Prosecutor, argued the cause for respondent (Mr. Donald S. Coburn, Essex County Prosecutor, attorney; Mr. Leibowitz on the brief).
PER CURIAM.
Defendant, an alleged participant conspirator in the armed robbery of a Montclair bank during which a bank guard was killed, was convicted of first degree murder, armed robbery and conspiracy to commit robbery. His motion for a new trial was denied, and he was sentenced to a life term for murder and to consecutive State Prison terms aggregating 12 to 17 years for the other crimes.
On appeal, defendant contends that even if he aided and abetted the assailant, Mark Jackson, in the commission of the robbery, his conviction for murder under the felony-murder rule, N.J.S.A. 2A:113-1, should be reversed because he was absent from the scene of the crime and had *217 "only the most minimal contact with the purported killer." Thus, he argues, he did not commit the requisite felony which triggers the rule. Defendant also contends that the prosecutor improperly elicited testimony that a nonwitness coconspirator had implicated him, in violation of defendant's right to confrontation.
Evidence of defendant's involvement in the planning and commission of the armed robbery with its consequent murder was most dramatically portrayed in his statement to the police which was read to the jury in its entirety. Despite defendant's absence from the scene of the crime, his involvement was hardly the "minimal" participation suggested on this appeal.
Defendant further argues that since he was absent from the scene of the actual felony-murder, his conduct does not meet the requisite elements of the underlying common-law offense. He bottoms this contention on the language in State v. Butler, 27 N.J. 560, 590 (1958), and State v. Madden, 61 N.J. 377, 385 (1972), wherein it is stated that the robbery to which the killing is incident must be the "common-law offense and should be defined accordingly in charging the jury." Butler, supra, 27 N.J. at 590. In summary, defendant asserts that the felony-murder rule contemplates first degree murder punishment only for those committing common-law felonies, and robbery, at common law, did not comprehend within its terms an accomplice physically absent from the scene of the offense, citing Roesel v. State, 62 N.J.L. 216, 222 (E. & A. 1898); State v. Morano, 134 N.J.L. 295, 301 (E. & A. 1946).
However, it is well settled that once a criminal conspiracy is formed, each conspirator while a member thereof is liable for every act, and is bound by the act and declaration of each and all of the conspirators, done or made in the pursuance of furtherance of the conspiracy. State v. Stein, 70 N.J. 369, 388-389 (1976); State v. Maddox, 153 N.J. Super. 201, 212 (App. Div. 1977); People v. Smith, 63 Cal.2d 779, 48 Cal. Rptr. 382, 409 P.2d 222, 232 (Sup. *218 Ct. 1966) cert. den. 388 U.S. 913, 87 S.Ct. 2119, 18 L.Ed.2d 1353 (1967).
Adopting a common-law approach, as suggested by defendant, his liability for felony murder is equally clear by his status as an "accessory before the fact." An accessory before the fact was one who procured, counselled, commanded, instigated or abetted the principal and was absent when the crime occurred. Schlosser, 1 Criminal Laws of New Jersey (3 ed. 1970), §§ 7.7 to 7.11 at 96-103. The distinction between principals and accessories depended on presence at or absence from the scene. State v. Morano, supra, 134 N.J.L. at 301. But that distinction was abolished formally when the principal-accomplice dichotomy was eliminated by N.J.S.A. 2A:85-14, which provides:
Any person who aids, abets, counsels, commands, induces or procures another to commit a crime is punishable as a principal.
Any person who wilfully causes another to commit a crime is punishable as a principal.
N.J.S.A. 2A:85-14 embraces conduct which would fall within the concept of accessory before the fact at common law. State v. Madden, supra, 61 N.J. at 391-392.
The record shows that defendant procured the robbery's commission and had a guiding hand in seeing it through to the end. His role prior to the actual robbery was such that he would suffer a penalty equal to that of a principal under common law. Defendant urges that N.J.S.A. 2A:85-14 may not be applied to the felonies designated in N.J.S.A. 2A:113-1 so as to include absent accomplices. He asserts that to do so would be inconsistent with the language of the latter statute and at odds with State v. Butler, 27 N.J. 560, 590 (1958), and State v. Canola, 73 N.J. 206, 209 (1977). We find this contention to be without merit.[1] As was stated in State v. Cooper, 10 N.J. 532 (1952),
*219 Under our law, all those who conspire to commit a crime and participate in some way in its commission are joint principals and each is as guilty as the person who actually commits the crime and is liable to the same punishment. They are indicted, in the language of the statute, as principals and are not accused of being accessories or aiders and abettors.
The distinction between principal and accomplice or aider and abettor has been abolished in our jurisdiction for purposes of indictment and punishment. [at 568]
Finally, we see no merit in defendant's contentions that the jury charge was insufficiently definitive and that the trial judge prejudicially allowed testimony from two detectives which gave the inescapable impression to the jury that the post-arrest statements of Walter Barry and Mark Jackson implicated defendant in the criminal venture. R. 2:11-3(e) (2). Moreover, we are convinced that the testimony and the prosecutor's comment in his summation regarding the same were not capable of producing an unjust result. R. 2:10-2; State v. Macon, 57 N.J. 325, 335-336 (1971).
Affirmed.
NOTES
[1] The Code of Criminal Justice, effective September 1, 1979, provides in 2C:11-3(a)(3) that it is an affirmative defense that the defendant:

(a) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and
(b) Was not armed with a deadly weapon, or any instrument, article or substance readily capable of causing death or serious physical injury and of a sort not ordinarily carried in public places by law-abiding persons; and
(c) Had no reasonable ground to believe that any other participant was armed with such a weapon, instrument, article or substance; and
(d) Had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury.